By the Court:

Jones J.
It is clearly established that defendant was indebted for coal to a party other than Walters Brothers & Co., in the sum of $350, which indebtedness, although standing since January, 1869, the creditors had been unable to collect. The representation that he owed no one but Walters Brothers & Co. was therefore false. If none of the others were false, still the falsity of this one was sufficient to sustain the order of arrest.
The plaintiffs relied not on any particular one of the representations, but on the whole taken together.
It was from the whole of them that they determined on the fitness of giving credit to the defendant, and as to whether his business and means would justify their trusting him. A capital of $5,000 is not so large but that the addition of an indebtedness of $350 to one of $1,300, especially when that additional indebtedness is due to another creditor, might well have a material bearing in the minds of the plaintiffs in determining whether the situation of the defendant justified giving him credit.
The defendant must have known of the existence of the debt and of his inability to pay it; and therefore his representation that he owed nothing except the debt he mentioned, could only have been made with the design to deceive the plaintiffs, for fear either that the knowledge of that fact would of itself deter the plaintiffs from trusting him, or else that they would make inquiries of Detmold & Co, the result of which he might rea *274 sonably expect would be the annihilation of Ms hopes for a credit.
But the affidavits, standing uncontradicted, show the falsity of all the representations, except perhaps as to the amount of the indebtedness to Walters Brothers & Co.
The fact that in - one month from the time of representing . that he was doing a good business, and had a capital of $5,000, he was unable to pay the indebtedness to plaintiffs, together with the fact that long prior to the representations, to wit, in January, 1869, he was indebted in the sum of $350, which indebtedness remained uncancelled at the time of the arrest, although he had been frequently pressed to pay it, are so inconsistent with the representations that in July he had a capital of $5,000, and was domg a good business, that, being unexplained, they lead the mind to the conclusion that the representations were untrue.
Order reversed.